# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 15-mj-02082-DPR |
| Plaintiff, | |
| v. | |
| **MONTE D GANN,** | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

The United States of America, through Tammy Dickinson, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. §§ 3142 (e)(3)(A), (e)(3)(B), (f)(1)(D), (f)(2)(A) and (f)(2)(B). At this hearing the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1) Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves a crime of violence as defined in Title 18, United States Code, Section 3156(a)(4)(C), which includes the offense of possession of child pornography in violation of Title 18, United States Code, Chapter 110, Section 2252(a)(4).

2) The statute recognizes two additional situations which allow for a detention hearing and

which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

a) When there is a serious risk that the defendant will flee; or,

b) When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *See 18 U.S.C. § 3142(f)(2)(A) and (B).*

3) One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4). *See 18 U.S.C. § 3142(f)(1)(A).* Further, there is a serious risk that the defendant will flee and that the defendant's release will present a substantial risk to the community. *See 18 U.S.C. § 3142(f)(2)(A) and (B).*

4) The crime alleged in the complaint requires the Court to consider a rebuttable presumption that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. *18 U.S.C.§ 3142(e)(3)(A).*

5) Moreover, the nature and circumstances of the charged offenses, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6) The government is aware of the following evidence:

a) In relation to the nature and circumstances of the offenses charged, the defendant is charged by complaint with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4), where the defendant has admitted to downloading, uploading, and possessing multiple files of child pornography.

b) In relation to the weight of the evidence supporting the charges in the instant case, the defendant has admitted the offense and that admission is corroborated by the evidence seized during the investigation. *18 U.S.C. § 3142(g)(2).* After being advised of his *Miranda* rights, Gann admitted to officers that he had been looking at child pornography for several years. Gann stated that he was sexually attracted to males, and he had begun acting on that attraction at a very young age. Gann confessed that he had posted several child pornography images to his Tumblr account online. Gann admitted that he had been viewing and downloading child pornography using the Internet. Gann also admitted to using the website Omegle to contact younger males in order to exchange nude pictures. Gann stated he also engaged in video chats on Omegle with minors during which he and the minors would engage in masturbatory acts. Gann reported engaging in such video chats on Omegle as recently as December 15, 2015. Gann also admitted to using several different applications such as Kik, Skype, and Grinder to search for, and make contact with young males, between the ages of nine and fifteen. Gann admitted to meeting at least two sixteen year olds, and a seventeen year old, to engage in oral sex in the Bolivar area.

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

                                            Respectfully submitted,

                                            Tammy Dickinson
                                            United States Attorney

                          By     */s/ Ami Harshad Miller*

                                            Ami Harshad Miller
                                            Assistant United States Attorney
                                            Missouri Bar No. 57711

                                            901 St. Louis Street
                                            500 Hammons Tower
                                            Springfield, Missouri 65806
                                            Telephone: (417) 831-4406

## *CERTIFICATE OF SERVICE*

      The undersigned hereby certifies that a copy of the foregoing was delivered on December 18, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                            */s/ Ami Harshad Miller*
                                            Ami Harshad Miller
                                            Assistant United States Attorney