# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 16-3010-01-CR-SW-MDH** |
| **MONTE D. GANN,** | |
| Defendant. | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through Tammy Dickinson, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this response to defendant's sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 23, 2016. For the reasons set forth below, the Government believes defendant's request for a downward variance is unreasonable under the factors set out in 18 U.S.C. § 3553(a), and respectfully recommends that this Court sentence the defendant within the guideline range of imprisonment to 360 months on Count 1 and 60 months on Count 3, to run consecutive for a total of 420 months, followed by a term of lifetime supervised release.

## I. BACKGROUND

On January 19, 2016, the grand jury returned a three-count indictment charging the defendant with one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), one count of coercion and enticement in violation of 18 U.S.C. § 2422(b), and one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. 13) On March 8, 2016, the defendant pleaded guilty before this Court to Count 1, sexual exploitation

of a child, and Count 2, receipt and distribution of child pornography. (Doc. 21.) On May 18, 2016, the final presentence investigation report (PSR) was filed. (Doc. 23.)

The defendant raised one objection to the PSR, objecting to the information contained in the "Offense Conduct" section of the PSR, beyond the admissions he previously made in his plea agreement and his plea colloquy. (PSR Adden. at 1-2.) The defendant's objections do not impact the guideline calculations. The Government did not file any objections to the PSR.

## II. <u>LEGAL STANDARD</u>

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*,* "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007); (citing *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Once a correctly calculated guideline range is determined, the court should afford both parties an opportunity to argue "for whatever sentence they deem appropriate," and "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 596.) In making this determination, the district court should not presume the Guidelines are reasonable, but assess each case upon the facts presented. *Id*. (citing *Gall*, 552 U.S. at 596.) "If the court concludes that a sentence outside of the Guidelines range is warranted, then it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.' " *Id*. (quoting *Gall*, 552 U.S. at 596.)

## III. DISCUSSION

### A.    Statutory and Guidelines Calculations

The final PSR, filed on May 18, 2016, found an offense level of 42 and a criminal history category of I.   (PSR 7, ¶ 32.). On Count 1 the statutory mandatory minimum term of imprisonment is 15 years and the maximum term of imprisonment is 30 years; as to Count 2 the statutory mandatory minimum term of imprisonment is 5 years and the maximum term of imprisonment is 20 years.  (PSR 10, ¶ 53.) Based upon a total offense level of 42 and a criminal history category of I, the guideline imprisonment range is 360 months to life. However, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the guideline range is 360 months to 600 months. USSG §5G1.2(b) and (d). (PSR 10, ¶ 54.)

### B.    Statutory Sentencing Factors

#### 1.    Nature and Circumstances of the Offense

The nature and circumstances surrounding the offense are summarized for the Court in PSR Paragraphs 4-8.  The most appalling aspect of the defendant's offense is the number of children the defendant has victimized.   As Paragraph 6 of the PSR details, the defendant preferred to engage in chat sessions and live streaming video sessions via webcams with minor males to masturbate to.   The defendant admitted to engaging in this type of activity with "multiple minors on multiple occasions."  (PSR 4, ¶ 6.)  The age of the children was as young as nine, and the defendant stated his sexual preference was male children during puberty, ages 10-15; however there was one female child age 11.  (PSR 4, ¶ 6.)  The defendant had also used the Internet to meet multiple male children for hands on sexual contact during the past year.  (PSR 4, ¶ 7.)  The defendant would not only engage in sexual contact with these victims, but also trade

3

images and videos with the victims that were sexually explicit. (PSR 4, ¶ 7.) An examination of the defendant's phone located over 400 images and eight videos of child pornography; the youngest child was 5 years old.

This defendant presents to the court with multiple victims: victims he engaged in masturbation with online; victims he enticed online to meet with him and engage in hands on sexual contact; victims he traded sexually explicit images and videos of; and victims of online child pornography. There is nothing in the nature and circumstance of the offense that would lend towards a downward variance. Just through the sheer number of victims, this defendant's nature and circumstances lends towards an upward variance. The Government believes that a sentence of 420 months would be just and appropriate.

## 2. <u>History and Characteristics of the Defendant</u>

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.' " *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir.2007) (internal quotations omitted.). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure." *Id.* at 830-31. (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir.2005).

The defendant is a 40-year-old male who has no criminal history and as such is a criminal history category of I. (PSR 7, ¶ 51.) However, a lack of criminal history in child pornography cases is common and does not set him apart from others convicted of similar crimes. See *United States v. Schupp*, 488 Fed. Appx. 170, 172 (8th Cir. 2012) (While the defendant did not have a criminal history, the district court observed that this was true of most child pornography

Case 6:16-cr-03010-MDH   Document 29   Filed 08/19/16   Page 4 of 9

defendants, and a downward variance would violate § 3553(a)(6)'s admonishment that defendants with similar records should receive similar sentences.)

The defendant reports he is in good physical condition with no substance abuse dependency issues. (PSR 9, ¶ 41, 45.) The defendant reports suffering from depression and anxiety due to his demanding job. (PSR 9, ¶¶ 43, 44.) The defendant was employed as a sales associate for Bill Robert's Chevrolet in Bolivar, Missouri, and reports having a stable work history. (PSR 10, ¶ 48-49.) The defendant also describes no abuse or neglect in his upbringing. (PSR 8, ¶ 37-40.)

On the surface, the defendant's history and characteristics appear to project him as a productive citizen in our community. However, this is not a case where one can simply hope it was an aberration from an otherwise solid, crime free life, and expect that the defendant will be able to re-enter the community successfully. Although these factors may justify a variance in many cases, it also demonstrates that this defendant had nothing to lead him down this path but himself. This defendant has demonstrated through his characteristics he is a sexual predator of children. The defendant began his career abusing children when he was 14 by molesting a four year old child and a nine year old child. (PSR 3, ¶ 5.) The defendant admitted that he has used Internet since 1999 to view child pornography, which later morphed into online sexual exploitation. (PSR 4, ¶ 5.) The defendant admitted to engaging in anonymous sex at public locations with multiple minor victims. (PSR 4, ¶ 5.) The defendant has spent a lifetime preying on children culminating in a countless number of victims, both online and actual hands on sexual contact. A 420-month term of imprisonment is more than appropriate for this defendant.

### 3. Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Based on the defendant's history and actions, a 420-month sentence would reflect the seriousness of the offense, promote respect for the law, and provide punishment that is sufficient, but not greater than necessary.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A Guideline sentence would provide a deterrent to this defendant and those who wish to sexually exploit the children in our community while sending a message to others that the sexual exploitation of children will not be tolerated.

### 5. Need to Protect the Public from Further Crimes of the Defendant

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir.2010) (citing *United States v. Boyd*, 475 F.3d 875, 877–78 (7th Cir.2007)). A 420-month sentence would protect the public from future crimes of this defendant. Based upon the defendant's history and characteristics, it is clear that society is in want of protection from this defendant. The defendant has already victimized countless number of children and this community cannot afford more victims.

### 6. Need to Provide the Defendant with Needed Educational or vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner

"When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault…[s]tates thus have a vital interest in rehabilitating convicted sex offenders. Therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism." *McKune v. Lile*, 536 U.S. 24, 33, 122 S. Ct. 2017, 2024, 153 L.

Ed. 2d 47 (2002) (internal citations omitted.)  A sentence of 420 months is likely to afford the defendant the necessary treatment, including sex offender treatment, that he requires and may also provide him with educational opportunities to improve his employability.

### 7.  <u>Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct</u>

A Guideline sentence of 420-months would avoid unwarranted sentence disparity with those who have similar criminal history and similar conduct.  Although the defendant has stated he will be asking this Court for a downward variance, he has cited to no factors or comparable cases to justify a variance.

A review of other cases from the Eighth Circuit demonstrates that a sentence of 360-months is within the range of sentences that have been received by defendants who are similarly situated.  See *United States v. Schrader*, 15-1881, 2016 WL 766708, at *1 (8th Cir. Feb. 29, 2016) (Schrader pled guilty to one count of producing child pornography, in violation of 18 U.S.C. §§ 2251(a), where photographs and videos depicted Schrader's exploitation of one child, including oral, vaginal, and anal penetration, and the district court sentenced Schrader to 360 months' imprisonment.); *United States v. Bates*, 607 Fed. Appx. 609 (8th Cir. 2015) (Bates pled guilty to two counts of producing child pornography, in violation of 18 U.S.C. §§ 2251(a), and the district court imposed the maximum 720 months' imprisonment*.); United States v. Appleby*, 595 Fed. Appx. 648 (8th Cir. 2014) (Appleby pleaded guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), where he exchanged pictures with and engaged in sexual contact with a fourteen and fifteen year old victim, and the district court sentenced Appleby to 480 months' imprisonment.); *United States v. Ward*, 686 F.3d 879 (8th

Case 6:16-cr-03010-MDH   Document 29   Filed 08/19/16   Page 7 of 9

Cir. 2012) (Defendant pled guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), where he secretly filmed the front of a twelve-year-old girl's nude body before and after she took a shower, and the district court imposed concurrent sentences of 360 and 120 months' imprisonment.)

Also, as many of the cited cases demonstrate, it is not uncommon for district courts to run sentences imposed on sexual exploitation of a child and receipt and distribution of child pornography consecutively. This defendant has already received the benefit of the Government's recommendation to dismiss Count 2, coercion and enticement of a child. The defendant may argue that given the defendant's age, any sentence in excess of the statutory minimum of 180 months would essentially be life; however "[t]he absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes." *United States v. Betcher*, 534 F.3d 820, 827–28 (8th Cir.2008) (affirming a convicted child pornographer's 750–year (9,000 months) sentence). "The district court [is] entitled, based on the seriousness of [Defendant's] crimes, to impose a within-Guidelines sentence ensuring [Defendant] remains incarcerated for life." *United States v. Beasley*, 688 F.3d 523, 536 (8th Cir.2012) (affirming a defendant's sentence of 3,480 months' for a conviction on eight counts of production of child pornography, two counts of attempted production of child pornography, and two counts of possession of pornography.) A sentence of 420 months as to this defendant would avoid unwarranted sentencing disparity among similarly situated defendants.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the

8

defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests this Court impose a sentence of 420 months' imprisonment to be followed by a term of supervised release is sufficient, but not greater than necessary, to meet the federal sentencing goals under 18 U.S.C. § 3553(a). Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney


*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of August, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ami Harshad Miller*
Ami Harshad Miller

9